## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KHOSHIMJON SOBIRJANOV,** *et al.*, : | |
| Plaintiff, : | |
| v. : | |
| : | Civ. No. 24-4129 |
| **BRIAN McSHANE,** *et al.*, : | |
| Defendants. : | |
| : | |

**Diamond, J.**                                                                                                    **June 23, 2025**

### MEMORANDUM OPINION

Five Plaintiffs—all "undocumented" immigrants—bring this Class Action Complaint against the Philadelphia Field Office Director of U.S. Immigration and Customs Enforcement, the Secretary of Homeland Security, and the Attorney General. Plaintiffs seek class-wide declaratory relief and individual injunctive relief, urging the illegality of their continued confinement. Because such a declaration would necessarily imply the invalidity of Plaintiffs' confinement, it sounds only in habeas. Moreover, Plaintiffs' request for injunctive relief is now moot. I will thus dismiss without prejudice.

**I.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

As alleged, Plaintiffs Khoshimjon Sobirjanov, Jose Melvin Gonzalez, Marat Muzafarov, Bakhtiyor Mavlonov, and Jorge Machuca Rivera (foreign nationals in the United States) were granted protection from removal by an immigration judge, who found credible their fear of returning to their countries of origin. Plaintiffs had been held in the Western District of Pennsylvania at ICE's Moshannon Valley Processing Center. As alleged, this contravenes an ICE Policy that recommends, barring exceptional circumstances, the release of immigrants who have been granted fear-based protection. The Policy can also afford Plaintiffs a "custody review" to determine whether there are exceptional circumstances warranting their continued detention. The

1

Policy requires the director of the local ICE field office (here, the Philadelphia Field Office) to make these individualized determinations. As alleged, until they filed suit, Plaintiffs had not received an individualized custody review.

Plaintiffs filed their original Complaint on August 12, 2024 and have twice amended. (Docs. No. 1, 2, 28.) The Government moves to dismiss. (Doc. No. 36.) The matter is fully briefed. (Docs. No. 41, 44, 45, 49.) Plaintiffs also move for class certification, which the Government opposes. (Docs. No. 31, 37, 42, 43.)

## II. LEGAL STANDARDS

In considering a Rule 12(b)(6) dismissal motion, I must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). The defendant must show that the plaintiff has failed to allege facts sufficiently detailed to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Phillips, 515 F.3d at 234.

A party may also "move for dismissal of any claim over which the district court lacks subject-matter jurisdiction." Mayer v. Wallingford-Swarthmore Sch. Dist., 405 F. Supp. 3d 637, 640 (E.D. Pa. 2019) (citing Fed. R. Civ. P. 12(b)(1)). Because the Court does not have jurisdiction to hear a moot claim, mootness is a proper basis for granting a 12(b)(1) motion. Id. (citing Mollett v. Leicth, 511 F. App'x 172, 173 (3d Cir. 2013)).

## III. DISCUSSION

Plaintiffs seek to proceed under the Administrative Procedure Act and the Fifth Amendment's Due Process Clause on their own behalf and on behalf of a class of ICE detainees. U.S. Const. Amend. V; 5 U.S.C. § 706(2)(A). They define the proposed class as follows:

> [A]ll persons who are or will be held in civil immigration detention within the area of responsibility of Philadelphia ICE after they have been granted asylum, withholding, or CAT relief by an IJ.

(Doc. No. 28 at 23.) Plaintiffs seek class-wide declaratory relief as well as injunctive relief for those Class Representatives who remain detained. It is apparent, however, that Plaintiffs' injunctive relief claims are moot and that their requests for declaratory relief must be brought in habeas.

    a. Declaratory Relief

Plaintiffs seek a class-wide declaration that their continued confinement without an individualized custody determination violates the APA and the federal Constitution. I agree with the Government that Plaintiffs thus seek to evade the Supreme Court's 2022 holding that 8 U.S.C. § 1252(f)(1) "deprived the District Courts of jurisdiction to entertain [undocumented immigrants'] requests for class-wide injunctive relief." Garland v. Aleman Gonzalez, 596 U.S. 543, 546 (2022); see also Strzakowlski v. Gen. Motors Corp., No. 04-cv-4740, 2005 U.S. Dist. LEXIS 18111 at *26 (D.N.J. Aug. 16, 2005) (courts may dismiss class action allegations at the pleading stage "in those rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met" (quoting Clark v. McDonald's Corp., 213 F.R.D. 198, 205 n.3 (D.N.J. 2003))).

To evade Garland's foreclosure of injunctive relief, Plaintiffs variously define the relief they seek. For example, in opposing the Motion to Dismiss, they deny that they seek an injunction. Rather: "Plaintiffs' prayer for relief asks the Court to enter a declaratory judgment *instructing ICE to comply with its own policy*." (Doc. No. 41 at 33 (emphasis added).) Plaintiffs seek to draw a distinction without a difference. The "instruct[ion]" to ICE they request would certainly be a mandatory injunction. See Garland, 596 U.S. at 549 (an injunction is a "judicial order that 'tells

3

someone what to do or what not to do'" (quoting Nken v. Holder, 556 U.S. 418, 428 (2009)); Brito v. Garland, 22 F.4th 240, 251 (1st Cir. 2021) (declaratory judgment "does not, in itself, coerce any party or enjoin any future action" (quoting Ulstein Mar., Ltd. v. United States, 833 F.2d 1052, 1055 (1st Cir. 1987))).

Moreover, Plaintiffs' characterization is misleading because it is not what they actually request in their prayer for relief, where they urge me to:

> declare that the continued detention of Plaintiffs and class members violates the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) and/or the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

(Doc. No. 28 at 33.)  Although granting this request would not require me to contravene Garland, because it is a challenge to the validity of Plaintiffs' confinement, it must be brought in habeas, not under the APA.

"[A] federal prisoner need bring his claim in habeas only if success on the merits will 'necessarily imply the invalidity of confinement or shorten its duration.'"  Davis v. United States Sent'g Comm'n, 716 F.3d 660, 666 (D.C. Cir. 2013) (quoting Wilkinson v. Dotson, 544 U.S. 74, 83 (2005).  Challenges to the validity of confinement are thus at the "core" of habeas.  Nance v. Ward, 597 U.S. 159, 160 (2022).  "[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."  Rumsfield v. Padilla, 545 U.S. 426, 443 (2004).

In their proposed declaration, Plaintiffs seek a ruling that their continued confinement is invalid under federal law.  Such a claim thus must be brought in habeas.

Confounding their own language, Plaintiffs nonetheless insist that their "prayer for relief confirms that this is not a habeas action masquerading as [a] non-habeas action" because they are not asking me to order their "outright release within a certain amount of time."  (Doc. No. 41 at

4

8.) The Supreme Court very recently rejected just this argument when detained immigrants sought relief from removal:

> Regardless of whether the detainees formally request release from confinement, because their claims for relief 'necessarily imply the invalidity' of their confinement . . . their claims fall within the "core" of the writ of habeas corpus and thus must be brought in habeas.

Trump v. J.G.G., 145 S. Ct. 1003, 1005 (2025) (per curiam).

Accordingly, because Plaintiffs' claim necessarily implies the invalidity of their continued confinement, it falls within the core of habeas. As Plaintiffs acknowledge, "[c]ore habeas challenges . . . should be filed 'in the district of confinement.'" (Doc. No. 41 at 9 (quoting Rumsfield, 542 U.S. at 442 (2004)).

All five named Plaintiffs had been confined outside this District. (Doc. No. 31 at 4.) Indeed, Plaintiffs note that they do not believe there are any ICE detention centers in this District. (Id.) The Parties have also stipulated that only Plaintiff Jose Melvin Gonzalez remains in custody and is now being held in Batavia, New York. (Doc. No. 49.) Accordingly, I will dismiss without prejudice so that he may seek relief in the district where he is detained. See Rumsfeld, 542 U.S. at 451 (dismissal without prejudice proper when case brought in improper district).

    b. <u>Injunctive Relief</u>

Barred from seeking class-wide injunctive relief, Plaintiffs ask me to "[r]eview [the named] Plaintiffs' custody under the standard articulated in the ICE policy and order their release under that standard, if appropriate." (Doc. No. 28 at 33.) The Government urges that because Mr. Gonzalez has already received the requested review, his claim is moot. I agree.

"[W]hen the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," their claim is moot. Donovan v. Punxsutawney Area Sch. Bd., 336 F.3d 211, 216 (3d Cir. 2003) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). Once again,

5

"[t]he Court "lacks subject matter jurisdiction when the controversy has become moot." Goodmann v. People's Bank, 209 F. App'x 111, 113 (3d Cir. 2006).

Because the Government "attacks allegations underlying the assertion of jurisdiction in the complaint," its Motion is properly understood as a "factual challenge" to subject-matter jurisdiction. Hartig Drug Co. v. Senju Pharm. Co., 836 F.3d 261, 268 (3d Cir. 2012) Accordingly, I am "free to weigh the evidence and satisfy [myself] as to the existence of [my] power to hear the case." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). I may also consider those documents and affidavits that include undisputed jurisdictional facts. See Const. Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014) ("[The] court may weigh and consider evidence outside of the pleadings.").

The Parties stipulate that only Mr. Gonzalez remains in ICE custody. (Doc. Nos. 45, 49); see also Sanchez v. Att'y Gen., 146 Fed. App'x 547, 549 (3d Cir. 2005) (case moot after the plaintiff was released from immigration custody). Moreover, each Party has submitted documents showing that Gonzalez has already received an individualized custody review. (See Doc. No. 41-2; Declaration of Supervisory Detention and Deportation Officer and Acting Assistant Field Office Director Anica A. Vankos Regarding Jose Melvin Gonzalez, Doc. No. 36-3 at 7). Plaintiffs deem this review inadequate because the Policy "makes clear that the Field Office Director must approve any decision to continue the detention of any applicable individual . . . . [yet] [t]he custody decisions [ICE] belatedly provided were signed by the Deputy Field Officer Director instead." It is difficult to accept that this argument is seriously intended. Although the letter informing Gonzalez of the outcome of his custody review is signed by the Deputy Field Office Director, it provides:

> After review of the individual facts and circumstances of your case, the **ICE Field Office Director** has determined that [e]xceptional circumstances and/or a legal

6

> requirement to detain exists warranting this decision to maintain you in ICE custody pending the outcome of the DHS appeal before the BIA. Should the BIA dismiss the appeal, ICE will re-evaluate your custody status at that time.

(Doc. No. 41-2 at 4 (emphasis added.)) The ICE Policy requires only that the Field Office Director approve the decision to continue detention; the Director need not personally sign the letter informing a detainee that the custody review has occurred.

Finally, Plaintiffs argue that in providing custody reviews only after they brought the instant suit, "Defendants are merely attempting to pick off Plaintiffs to avoid this Court's necessary intervention." (Doc. No. 41 at 16.) Plaintiffs add:

> This case presents a quintessential example of why the Third Circuit has held that "[w]hen an individual plaintiff's claim for relief is acutely susceptible to mootness and it is clear from the complaint that the plaintiff is seeking to represent a class, [courts] may relate such a claim back to the date of the filing of the class complaint."

(Id. (quoting Richardson v. Bledsoe, 829 F.3d 273, 286 (3d Cir. 2016)).) Here again, Plaintiffs ignore that class-wide injunctive relief is not available to them. Because each of the named Plaintiffs seeks only injunctive relief, the class action mootness exception is not available. See United States v. Sanchez-Gomez, 584 U.S. 381, 387 (2018) (exception not available to those plaintiffs bringing "'class-like claims' seeking 'class-like relief'" rather than a formal class action).

Four of the five individual Plaintiffs have been released from ICE custody. The Plaintiff who is still detained has already received the custody review that he demands. Accordingly, I will deny Plaintiffs' injunctive relief claim as moot.

## IV. CONCLUSION

For reasons that are not apparent, Plaintiffs seek relief to which they are not entitled in a Court without jurisdiction to hear them. In these circumstances, I will dismiss without prejudice so that they may seek relief in the proper district.

An appropriate Order follows.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

Paul S. Diamond, J.